IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**DEBORAH WHEAT**                                                    **PLAINTIFF**

v.                                                        Civil No. 5:21-cv-88-DCB-BWR

**THE MICHAELS**
**ORGANIZATION, LLC and**
**JOHN DOES 1-10**                                        **DEFENDANTS**

**ORDER GRANTING IN PART AND DENYING IN PART THE [32] MOTION TO STRIKE PLAINTIFF'S DESIGNATION OF EXPERT WITNESSES**

BEFORE THE COURT is the [32] Motion to Strike Plaintiff's Designation of Expert Witnesses filed by Defendant The Michaels Organization, LLC. Plaintiff Deborah Wheat has filed a [36] Response in Opposition. For the reasons below, the Court will grant in part and deny in part the [32] Motion to Strike Plaintiff's Designation of Expert Witnesses.

I.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Deborah Wheat ("Plaintiff") brought this civil rights action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000, *et seq.*, as well as the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, against her former employer Defendant The Michaels Organization, LLC, ("Defendant" or the "Michaels Organization") and John Does 1-10. Compl. [1].

On March 23, 2022, Magistrate Judge Robert H. Walker entered an Amended Case Management Order setting, of relevance here, Plaintiff's deadline to designate expert witnesses for August 1, 2022. Text Only Amended Case Management Order 3/23/2022. On that date, Plaintiff designated two expert witnesses: Dr. Mark Webb

("Dr. Webb") and Nurse Practitioner Sarah Goussett ("NP Goussett"). *See* Not. of Serv. of Designation of Experts [29]; *see also* Ex. A [33-1] at 1-2.

On August 5, 2022, Defendant moved to strike Plaintiff's designations of Dr. Webb and NP Goussett for failure to comply with the expert designation requirements of Federal Rule of Civil Procedure 26(a)(2)(C) and Local Rule 26. Mot. [32]. Defendant argues that Plaintiff's designation of Dr. Webb fails to provide a summary of the facts and opinions of Dr. Webb's expected testimony regarding the psychiatric effects, allegedly experienced by Plaintiff. Mem. [33] at 3. Defendant also argues that Plaintiff's designation of Dr. Webb lacks the support of any medical records or a written report. *Id*. Defendant likewise argues that Plaintiff's designation of NP Goussett fails to provide a summary of the facts and opinions to which NP Goussett is expected to testify to regarding Plaintiff's high blood pressure. *Id*. at 3. Defendant further contends that the medical records provided from NP Goussett lack sufficient substantive information. *Id*. Therefore, NP Goussett was required to provide an expert report. *Id*.

Plaintiff concedes that she inadvertently failed to timely provide medical records from Dr. Webb. Resp. [36] at 2. But Plaintiff represents that she "produced Dr. Webb's report to Defense counsel via email within 30 minutes." *Id*. Thus, Plaintiff argues that Dr. Webb's designation and the subsequent provision of Dr. Webb's medical records satisfy the disclosures requirements of Rule 26. *Id*. Plaintiff further argues that Defendant has not alleged any resulting prejudice. *Id*. If any prejudice did exist, Plaintiff argues that it could be cured by an extension. *Id*. As for NP

Goussett, Plaintiff contends that designation complies with Federal Rule 26 and Local Rule 26. *Id.* at 2-3.

## II. DISCUSSION

### A.   Relevant Legal Authority

The Federal Rules of Civil Procedure impose disclosure requirements upon proponents of expert testimony. Fed. R. Civ. P. 26. These disclosures must be made in accordance with the deadlines set in the court's scheduling orders or, absent a stipulation or a court order, at least 90 days before trial or within 30 days of the other party's disclosure when offered solely to rebut or contradict such evidence. Fed. R. Civ. P. 26(a)(2)(D). And Local Rule 26(a)(2) requires a proponent of expert testimony to make a "full and complete disclosure . . . no later than the time specified in the case management order . . . ." L. U. Civ. R. 26(a)(2).

Expert witnesses who are "retained or specially employed to provide expert testimony" must submit written reports. Fed. R. Civ. P. 26(a)(2)(B). Treating physicians, however, are exempt from this reporting requirement. *See* Fed. R. Civ. P. 26 Advisory Committee Notes to 1993 and 2010 Amendments; *see also* L. U. Civ. R. 26(a)(2)(D). Under Federal Rule 26(a)(2)(C), non-reporting expert witnesses must disclose: (1) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (2) a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

A treating physician may fall into either category of expert witnesses. The Fifth Circuit has provided that a treating physician is generally considered to be a

non-retained expert witness who need not provide a report. *See Hamburger v. State Farm Mut. Auto Ins. Co.*, 361 F.3d 875, 882 (5th Cir. 2004) (citing Rule 26(a)(2) Advisory Committee Notes to 1993 Amendments). Absent the provision of an expert report, however, a treating physician's testimony "must remain confined to facts disclosed during care and treatment of the patient, including his diagnosis, the causation of a plaintiff's injuries, and the patient's prognosis, as long as the doctor formed those opinions based on his personal knowledge and observations obtained during the course of care and treatment." *Barnett v. Deere*, Civ. No. 2:15-cv-2, 2016 WL 4735312, at *1 (S.D. Miss. Sept. 11, 2016). But if a treating physician prepares an expert opinion or relies on outside sources, courts consider the treating physician to be a retained expert, and the party using the expert opinion must comply with Rule 26(a)(2)(B). *See Previto v. Ryobi N. Am., Inc.*, Civ. No. 1:08-cv-177, 2010 WL 5185055, at *2 (S.D. Miss. Dec. 16, 2010) (citing *Doss v. NPS Int'l*, Civ. No. 4:09-cv-38, 2010 WL 2900422, at *2-*3 (N.D. Miss. July 20, 2010) (citing *Duke v. Lowe's Home Ctrs.*, Inc., 2007 WL 3094894, at *1 (N.D. Miss. Oct.19, 2007) (concluding that without an expert report, a treating physician's testimony was "limited to those facts and opinions contained in [the] medical records."))).

According to the Fifth Circuit, "[w]hen a party fails to disclose information required by Federal Rule of Civil Procedure 26(a), the party is not allowed to use that information . . . to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless." *In re Complaint of C.F. Bean LLC*, 841 F.3d 365, 372 (5th Cir. 2016) (quoting Fed. R. Civ. P. 37(c)(1)) (internal quotation marks

omitted). Similarly, Local Rule 26(a)(2) provides that "[a]bsent a finding of just cause, failure to make full expert disclosures by the expert designation deadline is grounds for prohibiting introduction of that evidence at trial." L. U. Civ. R. 26(a)(2). In determining whether a failure to disclose was harmless or substantially justified, Courts in this Circuit consider the following four factors: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice. *Hamburger*, 361 F.3d at 883.

**B.** Analysis

    1.    <u>Adequacy and Timeliness of Expert Designations</u>

        *a.*    *Expert Designation of NP Goussett*

Plaintiff's [33-1] Designation of Expert Witnesses of NP Goussett states as follows:

> (1) Ms. Goussett is expected to testify as an expert in the field of family medicine and as a treating medical/Nurse Practitioner.
>
> (2) Ms. Goussett is expected to testify based upon her background, education, her experience in personally knowing and treating the Plaintiff as her Nurse Practitioner before she worked for Defendant, while she was working for Defendant, and after the Plaintiff resigned from working for Defendant.
>
> (3) Ms. Goussett is expected to testify that Ms. Wheat had high blood pressure before she began working for Defendant but this condition was treated with medication successfully. After the Plaintiff started working for Defendant, her blood pressure increased to the point where it was not controlled by her blood pressure medication. I had to try an increased dosage of her normal blood pressure medication and then had to change medications 2-3 times to get her blood pressure to stay within normal range. Ms. Wheat exhibited symptoms

> of anxiety and uncontrolled blood pressure throughout the time she was working for Defendant.

*Id.* at 1-2.

Plaintiff's designation of NP Goussett satisfies Federal Rule 26(a)(2)(C) and constitutes a timely "full and complete disclosure" under Local Rule 26. The designation provides the subject matter of NP Goussett's expected testimony, the treatment of Plaintiff's blood pressure, as required by Federal Rule 26(a)(2)(C)(i). Ex. "A" [33-1] at 1-2. And the designation provides a summary of the facts and opinions of NP Goussett's expected testimony regarding the treatment of Plaintiff's blood pressure, as required by Federal Rule 26(a)(2)(C)(ii).[1] Ex. "A" [33-1] at 2. Because Plaintiff's designation of NP Goussett satisfies the requirements of Federal Rule 26(a)(2)(C) and Local Rule 26, it will not be stricken.

      b.     *Expert Designation of Dr. Webb*

Plaintiff's [33-1] Designation of Expert Witnesses of Dr. Webb states that:

> (1) Dr. Webb, is expected to testify as an expert in the field of Psychiatry.
>
> (2) Dr. Webb, is expected to testify based upon his background, education, experience and his treatment of the Plaintiff, Deborah Wheat.
>
> (3) Dr. Webb is expected to testify as to the psychiatric effects of the Plaintiff, being harassed by Defendant's employee.

*Id.* at 1.

---

[1] This Court's decision addresses only whether Plaintiff's expert designation of NP Goussett complies with the procedural requirements of Federal Rule 26 and Local Rule 26.

6

This language fails to satisfy Federal Rule 26(a)(2)(C). The Notice does provide the subject matter of Dr. Webb's expected testimony, "the psychiatric effects of the Plaintiff, being harassed by Defendant's employee[,]" as required by Federal Rule 26(a)(2)(C)(i). Ex. A [33-1] at 1. But that vague one-sentence explanation does not qualify as a summary of the facts and opinions of Dr. Webb's expected testimony as required by Federal Rule 26(a)(2)(C)(ii). Because Plaintiff's [33-1] Designation of Expert Witnesses of Dr. Webb does not contain all the information required by Federal Rule 26(a)(2)(C) and Local Rule 26(a)(2)(D), it is subject to being stricken.

Plaintiff's designation of Dr. Webb also includes language indicating an intent to have Dr. Webb dually testify as a traditional expert in the field of Psychiatry. Specifically, the designation provides that Dr. Webb, is expected to testify "as an expert in the field of Psychiatry" and "based upon his background, education, experience and [ ] treatment of [ ] Plaintiff[.]" Ex. A [33-1] at 1.

Plaintiff did not provide medical records from Dr. Webb or a report from him by her expert designation deadline. Four days after her expert designation deadline, Plaintiff provided Defendant with a document from Dr. Webb entitled "Independent Medical Examination." Ex. A [36-1] at 2. The "Independent Medical Examination" does not qualify as a supplemental report under Federal Rule of Civil Procedure 26(e)(2) because it is "the lion's share" of Dr. Webb's opinion, and supplemental disclosures "are not intended to provide an extension of the deadline by which a party must deliver the lion's share of its expert information." *Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 571 (5th Cir. 1996).

7

Dr. Webb's "Independent Medical Examination" also does not satisfy the requirements of Federal Rule 26(a)(2)(B) which provides that an expert report must provide:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). At a minimum, Dr. Webb's "Independent Medical Examination" lacks any indication of whether Dr. Webb will use exhibits to support his opinion, a statement of Dr. Webb's qualifications, a list of Dr. Webb's publications from the past ten years, a list of the cases Dr. Webb has testified in during the past four years, or a compensation statement. *See* Ex. "A" [36-1] at 2-5.

2.  Remedy for Inadequate Disclosure

Having determined that Plaintiff's expert designation of Dr. Webb fails to satisfy the requirements of Federal Rule 26(a)(2), the next question is whether that designation should be stricken.

The failure to comply with the disclosure requirements of Federal Rule 26(a)'s forecloses a party's ability to use the information "to supply evidence on a motion . . . or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). As previously explained, the Court considers the following four factors to determine whether Plaintiff's failure to disclose was harmless or substantially

justified: (1) the explanation for the failure to identify the witness; (2) the importance of the testimony; (3) the potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure that prejudice. *Hamburger*, 361 F.3d at 883.

Turning to the first factor, Plaintiff asserts that she believed in good faith that Dr. Webb's "Independent Medical Examination" had been turned over and that the inadvertent failure to disclose it was the result of "secretarial turnover and difficulties with locating a secretary or anybody to help with document management and filing." Mem. [37] at 7-8. This response does not explain why Plaintiff failed to provide a summary of the facts and opinions of Dr. Webb's expected testimony by her expert designation deadline. This factor favors striking Plaintiff's designation of Dr. Webb.

Concerning the second factor, the Court agrees with Plaintiff that Dr. Webb's testimony is essential to her claim for damages. Mem. [37] at 8. The Court also lends credence to Plaintiff's assertion that Dr. Webb's testimony is important to her alleged "claim for mental anguish and emotional distress and other non-economic damages" and for supporting the allegations of "the lasting impact and severity of Defendant's harassment and hostile working environment against Plaintiff." *Id*. Notwithstanding, the importance of proposed testimony alone cannot "singularly override the enforcement of local rules and scheduling orders." *Geiserman v. MacDonald,* 893 F.2d 787, 792 (5th Cir. 1990). This factor weighs against striking Plaintiff's designation of Dr. Webb.

9

Under the third factor, the Court considers the potential prejudice to Defendant in allowing the expert testimony. Defendant did not articulate any specific prejudice in allowing the testimony of Dr. Webb. Therefore, this factor weighs against striking the designation of Dr. Webb as a treating physician.

As to the fourth and final factor, Plaintiff asserts that any prejudice can be cured by allowing Defendant to offer expert testimony in response to Dr. Webb's "Independent Medical Examination." Mem. [37] at 8. The Fifth Circuit has "repeatedly stated that a continuance is the preferred method of dealing with a party's attempt to designate a witness out of time. *In re Complaint of C.F. Bean L.L.C.*, 841 F.3d 365, 374 (5th Cir. 2016). This factor weighs against striking Dr. Webb's expert designation. Plaintiff will be given a short extension of time to properly disclose Dr. Webb as an expert, and Defendant will be allowed an opportunity to respond to Plaintiff's renewed disclosure of Dr. Webb.

To be used as a retained expert, Dr. Webb must produce a report that contains all information required by Federal Rule of Civil Procedure 26(a)(2)(B). If Plaintiff intends to offer Dr. Webb as a treating physician, all records from Dr. Webb regarding his treatment of Plaintiff must be provided to Defendant, and Plaintiff must disclose both the subject matter on which Dr. Webb is expected to testify and "a summary of the facts and opinions to which the witness is expected to testify" as required by Federal Rule of Civil Procedure 26(a)(2). Plaintiff's deadline for properly designating Dr. Webb is November 28, 2022. Defendant's deadline for responding to the renewed designation of Dr. Webb is January 6, 2023.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant The Michaels Organization, LLC's [32] Motion to Strike Plaintiff's Designation of Expert Witnesses is **GRANTED IN PART AND DENIED IN PART,** as provided in this Order.

**IT IS, FURTHER, ORDERED** that, a telephonic status conference will be noticed to set amended case management deadlines.

**SO ORDERED AND ADJUDGED**, this the 17th day of November 2022.

*s/ Bradley W. Rath*
HONORABLE BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE